## ALLEN v. LEONARD.

1. **False imprisonment: MISTAKE IN NAME.** A mistake in the name of a defendant prosecuted for an offense will not render his arrest illegal, nor, of itself, constitute a cause of action for false imprisonment or assault and battery, done under authority of process, though innocent of the offense charged.

2. —— **MALICIOUS PROSECUTION.** In an action for damages for the arrest and false imprisonment of plaintiff as the person described in a warrant, he may recover without any proof of malice, if the jury believe from the evidence that the defendant was guilty of gross negligence in causing his arrest, and without reasonable cause to believe that he was the person who committed the offense charged in the warrant. Such an action, and the law relating thereto, differs from one for malicious prosecution.

Allen v. Leonard.

*ppeal from General Term, Ninth District (Black Hawk County).*

MONDAY, APRIL 25.

ORDINARY action. The petition contains four counts: or false imprisonment, for assault and battery, for slander, and for oppression under color of legal process. Answer in denial, and justification under legal proceedings. Trial to a jury; verdict and judgment for defendant. The plaintiff appeals. The further facts are stated in the opinion.

*Bois, Allen & Couch* for the appellant.

*Miller & Miller* for the appellee.

COLE, Ch. J. — The testimony in this case tended to show that a horse had been stolen from the defendant in Black Hawk county, about April 22, 1867, by a man bearing the name of James Allen; that the defendant was absent from home at the time and never saw the thief. Upon his return, and on April 27, he filed an information before a justice of the peace, accusing James Allen of the crime of horse-stealing, and procured a warrant to be issued. He also advertised the larceny, giving also a description of the horse stolen and of the thief. About May 25, 1867, hearing that a man by the name of Allen, answering substantially the description given of the thief, was in Cedar Rapids, he, with his hired man who had seen the thief, took the warrant and went there. The hired man expressed it as his opinion that the plaintiff was the thief; and thereupon the defendant caused him to be arrested, handcuffed, and taken, with considerable delay, severity of restraint and exposure, to Waterloo. After detaining him a day or so there, the defendant

became satisfied that plaintiff was not the thief, and made no appearance against him, and he was discharged by the justice of the peace. The defendant and others then gave plaintiff money sufficient to pay his expenses home to Cedar Rapids, and he left. Afterward he brought this suit for false imprisonment, assault and battery, slander, and for abuse, and oppression while under arrest, claiming five hundred dollars damages under each count.

The only questions made in the case arise upon the instructions. In this connection, also, it will be remembered that the name of the thief was James Allen, and the warrant was issued for the arrest of James Allen, while the name of the plaintiff is William V. Allen. The plaintiff asked this instruction: "If the defendant caused the plaintiff to be arrested on a criminal warrant, issued against another party on a charge of which the plaintiff was not guilty, he is entitled to recover all the damages which he actually sustained by reason of the wrongful arrest and imprisonment occasioned by defendant." This the court altered by adding, "provided, however, that if the warrant was issued against the plaintiff by a wrong name, when his right name was unknown, such fact will not render his arrest illegal or void." This modification is now alleged as error.

*1. False imprisonment: mistake in name.*

There was no error in the modification. If the plaintiff was the party against whom the information was filed, and for whose arrest the warrant was issued, although there was a mistake in his name, he could not recover as for false imprisonment or for assault and battery, done under the authority of the process, even if innocent of the offense charged. His remedy in such case must be by a suit for malicious prosecution, or other like action.

The plaintiff also asked this instruction: "If the jury believe that the defendant was guilty of gross negli-

Allen v. Leonard.

2.—— malicious prosecution. gence in causing plaintiff to be arrested under the warrant given in evidence, and without reasonable cause to believe that the said plaintiff was the person who committed the offense charged in said warrant, the jury should award such damages to the plaintiff as will fully compensate him, not only for the actual damages sustained by him in his loss of time and suffering, but for all damages for loss of character and mental suffering occasioned by such arrest." This the court refused, but altered the same by adding, " provided the jury find from the evidence that the arrest was malicious and without probable cause." As thus altered the court gave the instruction. The refusal and alteration and then giving, are assigned as error.

The instruction as asked should have been given ; at least, it does not state the law too strongly for the plaintiff. If the defendant, having no warrant for the arrest of plaintiff, was guilty of gross negligence in causing him to be arrested, and also did it without reasonable cause to believe that he was the person who committed the offense, surely the defendant would be liable without any proof of malice. The proof of malice under such circumstances was not necessary to make out a cause of action, although it might be proved to enhance the damages. It was error to refuse the instruction as asked ; the alteration was error, as was also the giving as altered.

The same alteration was made of the third instructions . asked by plaintiff as to the excess of necessary restraint and exposure of him in carrying him from the place of arrest to the place of trial, and was also and alike erroneous.

The defendant asked and the court gave ten instructions in relation to the law governing actions for malicious prosecution. Without stating them at length or reviewing their correctness as applicable to that action, we need

only say that it was error to give them or either of them under the issues in this case. This action is not for malicious prosecution, and the law in relation to that action has no place in this.

Reversed.